John Watson
vs       } Judgment
William B. Torrence

[In the handwriting of Peter Audrain]

John Watson
vs       }
William B. Torrence

filed in court 19. Septber 1808

KNOW all men by these presents that I William B. Torrence, of the district of Detroit, and I James Henry, of the Same place, are held & firmly bound to John Watson In the Sum of one hundred dollars to be paid to the Said John Watson, his executors & administors to which payment well and truly to be made we bind ourselves, our heirs, executors & administrators firmly by these presents Sealed with our Seals, dated at Detroit the Seventeenth day of September one thousand eight hundred eight.

The Condition of this obligation is Such that if the above bunden William B. Torrence Shall prosecute to effect his appeal from the Judgment of the

district court, in the action of John Watson against him and Shall abide the Judgment of the Supreme Court, then this obligation to be void otherwise to be & remain in full force & virtue.       Wᴹ B.. Torrence

In presence of                               Jas Henry

David Cooper

[In the handwriting of Peter Audrain]

We of the jury find for the defendants; and we certify that the plaintiffs are indebted to the defendants beyond and above the debt demanded the sum of one thousand seven hundred nineteen dollars, forty cents.

George Meldrum<br>fore Man

[In the handwriting of Augustus B. Woodward]

Plea

filed in Court

Peter Audrain     clk

[Case 108, Paper 1]

And the Said John & Joseph by Harris H. Hickman, their attorney, come and defend the wrong & injury when &c and for plea Say that the Said Richard his action thereof against them ought not to have or maintain, because they Say that true it is they did execute the writing obligatory in the declaration alledged in manner & form as the plaintiff against them has declared, but they Say that they have paid the Same to the Said Richard before the instituting of the action thereof against them, to wit, at Detroit, in the district of Huron and Detroit, and this they are ready to verify, as the Court Shall direct, whereof they pray judgment if the plaintiff his action thereof against them ought to have & maintain.

Hickman attʸ for Defendⁿᵗ

And the Said Richard by E. Brush his attʸ Saith that by any thing &ᶜ he ought not &ᶜ because he Saith that the Said John & Joseph have not paid &ᶜ in manner & form as they in pleading have alledged and this he prays may be enquired of by the Country, and the Said John & Joseph by Harris H. Hickman, his attʸ likewise

[In the handwriting of Peter Audrain]

*Pattinson vs Jas Dodemead—*

*Motion for new trial—on the ground of verdict being contrary to Evidence—*

Mr Brush objects to N. Trial on three grounds—

1. That this is a hard case—
2d That the verdict is according to the equity of the case—
3. That no new trial can be granted, in the present case as thereby a new trial must be granted in toto on both issues. The latter is conceded and admitted to be right and therefore cannot be set aside—

In answer to the first objection (Here state the facts of the transaction, comment on the Terms [?] of credit &c)

In answer to the second objection that the verdict is according to the equity of the case &c  3 Burrows 1794, much relied on by Mr Brush in support of his position—But conceived to be much in favor of the Deft  J. Dodemead

By this authority it is strongly intimated to be a duty of a court to protect the rights of infants

It is therefore fully established that an infant is not bound or compellable by law to do an act, unless the performing thereof is for his benifit—Was the giving of the Bond in question for the Benifit of the Infant?—

3d Point, that the court cannot grant a new trial &c

1· Because there was evidence before the Jury, both for and against the issue of infancy—That the evidence [jurors] are sole & exclusive judges of the fact and evidence &c

2 Strange  1105 cited by Mr B.   Mr Brush   this case refers to Ashly vs Ashly pa. 1142 & Smith vs Huggins Idem where same doctrine is held but denied in note to sd case—

This doctrine has been since overruled—See 3d Wilson 38  Norris vs Freeman—Bac. 5. 247

I therefore consider the law now settled, that the court may grant a new trial altho evidence was given at the trial on Both sides—

The 2d Exception, under this last point—That no new trial can be granted in the present instance as thereby a verdict acknowledged right & according to evidence must be set aside &c

Mr Brush in support of this point cites 2d Strange 813 & 814 — Bul. 326

Bac 5.              242 (23)
✳" "             246 — does not apply
Comyn 5          491
3d Wilson        45
2 Salkeld        654

238

The doctrine laid down 3$^d$ Wil. 45 that the court will not grant a new trial, where there has been a contrariety of Evidence, explained & over ruled as applying to the case in hand by the decission of Norris vs Freeman. 3$^d$ Wilson 38—

Court will grant new trial after trial at bar   Bac. 5. 243.

M$^r$ Brush

New Case Cited  4 Term 468  5 Com  496

3 Wilson 45—The circumstances of Case are material to show the decision of the Court as the evidence was of the *nature* for the jury to judge upon— depending on the Opinion of Witnesses

Pattinson vs Dodemead

[In the handwriting of Solomon Sibley]
[Sibley Papers, Vol. 26A (935), mss. 67, Burton Historical Collection, Public Library, Detroit]